## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 08 2017, 8:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Smiley,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

August 8, 2017

Court of Appeals Case No.
49A02-1701-CR-189

Appeal from the Marion Superior Court

The Honorable Marshelle D. Broadwell, Magistrate

Trial Court Cause No.
49G17-1611-CM-45397

**Najam, Judge.**

# Statement of the Case

Michael Smiley appeals his conviction, following a bench trial, for criminal trespass, as a Class A misdemeanor.[1] He raises one issue on appeal, namely, whether the State presented sufficient evidence to support his conviction.

We affirm.

# Facts and Procedural History

Angela Reed and Smiley have known each other for over twenty years and have a daughter together. In November of 2016, Reed and her daughter were living at Reed's sister's rental property in Indianapolis. Smiley visited his daughter once or twice per week.

On November 23, 2016, at approximately 6:00 p.m., Reed came home from work and saw Smiley in his car, parked in the grass, at her sister's house. Smiley was drunk, belligerent, and playing loud music in his car. Reed asked Smiley to get off of the grass, but he did not leave. Reed asked him to leave two or three more times, but he did not comply.[2]

The State charged Smiley with two counts of criminal trespass, as Class A misdemeanors. At Smiley's ensuing bench trial, Reed testified:

---

[1] The trial court found Smiley guilty of a second count of criminal trespass, as a Class A misdemeanor. However, the court vacated that conviction for double jeopardy reasons.

[2] Reed was not on the lease at her sister's house, but she paid rent. Reed's authority to ask Smiley to leave the property is not challenged on appeal.

I'm standing in the yard and I say, "Mike, could you please get off her grass, she's renting." And you know, he got the music loud, I don't think he heard me, but . . . he wouldn't get off. I asked him two or three times to please leave and he wouldn't.

Tr. Vol. III at 7. The trial court found Smiley guilty of criminal trespass and sentenced him accordingly. This appeal ensued.

## Discussion and Decision

[6] Smiley contends that the State failed to present sufficient evidence to support the judgment against him. Our standard of review on a claim of insufficient evidence is well settled:

> For a sufficiency of the evidence claim, we look only at the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh the evidence. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

*Love v. State*, 73 N.E.3d 693, 696 (Ind. 2017).

[7] To prove that Smiley committed criminal trespass, as a Class A misdemeanor, the State was required to show that Smiley 1) did not have a contractual interest in the property; and 2) knowingly or intentionally refused to leave the real property of Reed; 3) after having been asked to leave by Reed. Ind. Code § 35-43-2-2(b) (2017). Here, the parties only dispute whether Smiley knowingly or intentionally refused to leave Reed's property after he was asked to leave. "A

person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." I.C. § 35-41-2-2(a). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b).

[8] Smiley argues that there is no evidence that he heard Reed ask him to leave, especially since she only asked him two or three times and the music in his car was loud. But we agree with the State that a reasonable fact-finder could have determined that Smiley knowingly or intentionally refused to leave the property after Reed had asked him to do so. Reed asked Smiley to get off of the grass. After being unsure if Smiley had heard her, Reed made the request two or three times. Smiley did not comply. Reed made no further requests and took no further action.

[9] Further, when "reviewing sufficiency claims, we look at what evidence *was* presented . . . not what evidence was *not* presented." *Meehan v. State*, 7 N.E.3d 255, 259 (Ind. 2014). Although Reed testified that she was uncertain whether Smiley had heard her when she asked him to leave, there was no evidence other than Reed's speculation that Smiley may not have heard her request that he leave the property. A reasonable fact-finder could infer that because Smiley had parked his vehicle in the grass, where it obviously did not belong, and was making a nuisance of himself by broadcasting loud music, Smiley understood that the reason Reed approached and spoke to him, not once but three times, was to ask that he cease and desist and move along. There is no evidence to suggest that she had—or would have had—any other reason to approach

Smiley. We hold that the State presented sufficient evidence from which a reasonable fact-finder could conclude that Smiley knowingly or intentionally refused to leave the property.

[10] In sum, the evidence most favorable to the judgment shows that Smiley was present at the home where Reed was living, that Reed repeatedly asked Smiley to leave, and that Smiley did not leave the property. That is sufficient evidence to support a reasonable inference that Smiley committed trespass, as a Class A misdemeanor. Smiley's contentions to the contrary are simply requests that we reweigh the evidence, which we cannot do. We affirm Smiley's conviction.

[11] Affirmed.

Kirsch, J., and Brown, J., concur.